IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAUL THOMAS GILLAM,       § | |
|     Petitioner,       § | |
| § | |
| v.       § | No. 3:19-cv-1874-B (BT) |
| § | |
| § | |
| LORIE DAVIS, *Director,* TDCJ-CID,       § | |
|     Respondent.       § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be TRANSFERRED to the Fifth Circuit Court of Appeals as successive.

I.

On June 17, 2011, a jury convicted Petitioner of murder, and he was sentenced to 65 years in prison. *State of Texas v. Paul Thomas Gillam*, No. F10-47328 (291st Dist. Ct., Dallas County, Tex., June 17, 2011). The Fifth Court of Appeals affirmed his conviction and sentence, *Gillam v. State*, No. 05-11-01334-CR (Tex. App. – Dallas, Apr. 16, 2013, pet. ref'd), and the Court of Criminal Appeals denied discretionary review, PDR No. 820-13. Petitioner filed a state habeas petition, *Ex parte Gillam*, No. 83,410-01, which the Court of Criminal Appeals

1

denied without written order. Petitioner also filed a second state habeas petition, *Ex parte Gillam*, No. 83,410-02, which the Court of Criminals dismissed without written order as subsequent. Petitioner then filed his first § 2254 petition challenging his conviction. *Gillam v. Davis*, No. 3:15-cv-2692-D (BH) (N.D. Tex.). The District Court denied the petition with prejudice, and the Fifth Circuit denied a certificate of appealability. *Gilliam v. Davis*, No. 17-10974 (5th Cir. Apr. 2, 2018). On August 6, 2019, Petitioner filed the instant § 2254 petition, in which he argues he has newly discovered evidence showing that he received ineffective assistance of counsel.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive request for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). Generally, a petitioner is not entitled to raise a new claim unless he shows the successive request is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the

2

application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive petition. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

III.

The petition for a writ of habeas corpus under 28 U.S.C. § 2254 should be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed September 23, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).